UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RABO AGRIFINANCE LLC, | No. 2:24-cv-01392-DJC-CKD |
| Plaintiff, | |
| v. | ORDER |
| SUKHRAJ PAMMA, et al., | |
| Defendants. | |

Plaintiff Rabo Agrifinance LLC has brought suit against Defendants based on the alleged default of loans provided by Plaintiff. Plaintiff now seeks a writ of attachment on assets owned by Defendants Ajmail Sangha and Shinda Upple. Presently before the Court is Plaintiff's Application for Right to Attach Order and Order for Issuance of Writ of Attachment. (ECF No. 25.) For the reasons stated below, the Court grants Plaintiff's Application.

**I.     Background**

The present action concerns six outstanding loans provided by Plaintiff to several of the Defendants. Plaintiff claims that it provided a $3,750,000.00 line of credit to Defendant Imperial Orchard LLC via the Loan Documents (which consists of the Credit Agreement, the Line of Credit Note, the Security Agreement, UCC Filings, the Assignment of Proceeds, and the Guaranties) and that three of the Defendants, Ajmail Sangha, Shinda Upple, and Sukhraj Pamma, signed guaranties of the

1  obligations of that line of credit.[1]  On February 29, 2020, the line of credit matured,
2  and Defendant Imperial Orchards allegedly failed to make the payment required
3  under the Loan Documents.  Plaintiff states that they sent a letter to Defendants
4  Sangha and Upple on July 9, 2020, stating that Defendants Imperial Orchard, Sangha,
5  Upple, and Pamma had defaulted under the terms of the loan.  After litigation in state
6  court, the parties reached the Forbearance Agreement through which Plaintiff would
7  refrain from taking any actions to obtain remedies for existing defaults until January 1,
8  2023, unless Defendants defaulted under the terms of the Forbearance Agreement.
9  Under the Forbearance Agreement, Defendants Imperial Orchard, Sangha, Upple,
10 and Pamma purportedly agreed to the amount Defendants owed to Plaintiff under the
11 Loan Documents, that the Defendants had materially defaulted on the line of credit
12 loan, that the Loan Documents were valid and enforceable, and that Defendants had
13 no "defenses, offsets, or counterclaims" against Plaintiff. (ECF No. 25-2 at 4.)  After
14 January 1, 2023, the forbearance period provided by the Forbearance Agreement
15 automatically terminated.  Plaintiff claims that as of August 6, 2024, Defendants owe
16 Plaintiff $3,847,808.70 in principal, interest, late charges, and attorneys' fees and costs
17 from the line of credit.
18       Plaintiff now seeks attachment of Defendant Sangha and Upple's assets as
19 guarantors of the loan as Defendant Pamma is engaged in pending bankruptcy
20 proceedings and the collateral used to secure the line of credit is wound up in those
21 proceedings.  Plaintiff does not seek attachment of Defendant Pamma's assets or
22 assets of the bankruptcy estate.  Defendants Sangha and Upple oppose the writ of
23 attachment on three grounds: (1) the assets sought by Plaintiff's application are
24 subject to a pending motion for sale, (2) there are pending motions for relief from the
25 automatic stay in the bankruptcy action, and (3) the relief Plaintiff seeks is duplicative
26 and punitive.  (Opp'n (ECF No. 36).)  Plaintiff has replied to Defendants Sangha and

---

[1] The present application concerns only the first of the six loans: the line of credit provided to Defendant Imperial Orchard.  As such, this Order only addresses allegations related to that loan.

Upple's Opposition (Reply (ECF No. 37)) and, on April 3, 2025, a hearing was held on Plaintiff's Application after which the matter was submitted (*see* ECF No. 47).

## II.  Writs of Attachment in Federal Actions

Under Federal Rule of Civil Procedure 64 parties are permitted to pursue prejudgment remedies to secure satisfaction of a judgment that would be available under the state law where the Court is located. Under California law, "[a]ttachment is an ancillary or provisional remedy to aid in the collection of a <u>money demand</u> by seizure of property <u>in advance of trial and judgment</u>." *Kemp Bros. Const., Inc. v. Titan Elec. Corp.*, 146 Cal. App. 4th 1474, 1476 (2007) (cleaned up; emphasis in original). Attachment in California is mainly governed by California Code of Civil Procedure section 483.010, *et seq.* and it is strictly construed as a purely statutory attachment law. *VFS Fin., Inc. v. CHF Express, LLC*, 620 F. Supp. 2d 1092, 1095 (C.D. Cal. 2009); *see Kemp Bros. Const.*, 146 Cal. App. 4th at 1476.

"Generally, an order of attachment may be issued only in an action for a claim of money which is based upon an express or implied contract where the total amount of such claim is a fixed or 'readily ascertainable' amount not less than $500.00." *Pos-A-Traction, Inc., v. Kelly-Springfield Tire Co., Div. of Goodyear Tire & Rubber Co.*, 112 F. Supp. 2d 1178, 1181–82 (C.D. Cal. 2000); Cal. Code Civ. Proc. section 483.010(a). In order for a court to issue a right to attach order, the court must find:

1. The claim upon which the attachment is based is one upon which an attachment may be issued;
2. The plaintiff has established the probable validity of the claim upon which the attachment is based;
3. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based; and
4. The amount to be secured by the attachment is greater than zero.

Cal. Code Civ. Proc. section 484.090(a). The plaintiff has the burden of establishing each of these requirements via an affidavit or declaration that states the relevant facts

3

with particularity. *Pos-A-Traction, Inc.*, 112 F.Supp.2d at 1181; Cal. Code Civ. Proc. section 484.030.

### III. Analysis

The Court finds that Plaintiff's Application establishes each of the requirements for the issuance of a writ of attachment. Defendants do not contest that each element for attachment is met. (*See* Opp'n.) The Court still considers each of section 484.090(a)'s requirements for issuance of a right to attach order in turn.

*First*, Plaintiff seeks attachment pursuant to their guaranty claims against Defendants Upple and Sangha. (ECF No. 25-2 at 6.) This is a cause of action where the damages are definite and readily ascertainable by reference to the Loan Documents and the Forbearance Agreement, and the computation of damages is reasonable and definite. As such, these are claims upon which an attachment may be issued. *CIT Grp./Equip. Fin., Inc. v. Super DVD, Inc.*, 115 Cal. App. 4th 537, 540 (2004) ("[I]t is a well-recognized rule of law in this state that an attachment will lie upon a cause of action for damages for a breach of contract where the damages are readily ascertainable by reference to the contract and the basis of the computation of damages appears to be reasonable and definite." (cleaned up).)

Plaintiff's calculation of the amount owed by Defendants includes late fees, interest, and attorneys' fees incurred in connection in connection with the original default and enforcement action. Late fees and interest are both readily calculable as the Credit Agreement and Forbearance Agreement provide for the method of calculation for both. (ECF No. 25-5, Ex. 1-1 at 2 §§ 2.02–03; *see* ECF No. 25-5, Ex. 1-9 at 9 § HH, 13 § 5.a–c.) Attorneys' fees incurred in connection with the original default and enforcement action are included in the amount owed by Defendants as is permitted under the terms of the guaranty agreements and the Forbearance Agreement. Together, these amounts total to $3,847,808.70. Plaintiff also seeks to attach an additional $1,500 in costs and $20,000 in attorneys' fees based on the present action. This is permissible under section 482.110, which allows for attachment

4

of estimated costs and allowable attorneys' fees, and Plaintiff has provided a declaration supporting these attorneys' fees and costs (Pool Decl. (ECF No. 25-4) ¶ 5.) Defendants have not contested any of the amounts provided by Plaintiff.  Attachment of $3,869,308.70 in total, including attorney's costs and fees, shall be permitted.

*Second*, Plaintiff has established the probable validity of the claim upon which the attachment is based.  "To establish the probable validity of the claim, the applicant must show it is more likely than not it will obtain a judgment against the defendant on its claim."  *Hamilton Beach Grands, Inc. v. Matric & Inch Tools, Inc.*, 614 F. Supp. 2d 1056, 1062 (C.D. Cal. 2009) (internal citations and quotations omitted) (quoting Cal. Code Civ. Proc. section 481.190.  The declaration of Michael Hayes, the Financial Restructuring Manager and Vice President for Plaintiff, and accompanying documentary evidence establish that:

- Plaintiff and Defendant Imperial Orchard entered into a credit agreement on March 25, 2019, in which Plaintiff provided Defendant Imperial Orchard with a $3,750,000.00 line of credit (Hayes Decl. (ECF No. 25-4) ¶¶ 6–8; Hayes Decl., Ex. 1-1; Hayes Decl., Ex. 1-2);
- Defendants Upple and Sangha executed guarantees of the Defendant Imperial Orchard's obligations under the loan; (Hayes Decl. ¶ 12; Hayes Decl., Ex. 1–6 (Sangha Guaranty); Hayes Decl., Ex. 1-7 (Upple Guaranty));
- Defendant Imperial Orchard defaulted on their obligations under the Line of Credit and Defendants Upple and Sangha were notified of the default (Hayes Decl. ¶ 18; Hayes Decl., Ex. 1-8); and
- Defendants Imperial Orchard, Upple, Sangha, and Pamma entered into the forbearance agreement on March 22, 2021 which established, among other things, the amount of debt owed by Defendants Imperial Orchard, Upple, Sangha, and Pamma for the line of credit, that material defaults on the line of credit had occurred, that the Loan Documents were valid and enforceable, and that there were no defenses offsets, or

counterclaims against Plaintiff (Hayes Decl. ¶¶ 18, 20-24; Hayes Decl., Ex. 1-9 at 84 § 2.)

Plaintiff also represents that at the time of filing, Defendants had not satisfied their obligations under the Loan Documents and the Forbearance agreement and that the outstanding amount owed by Defendants was $3,869,308.70.  (Hayes Decl. ¶ 25.)

This evidence is sufficient to show that it is more likely than not that Plaintiff will obtain a judgment against Defendants Sangha and Upple based on their breach of guaranty of the line of credit.  *Torrey Pines Bank v. Superior Court*, 216 Cal. App. 3d 813, 819 (1989) (finding that a breach of guaranty claim was established where the defendant guaranteed a third party's indebtedness, the third party defaulted on its obligations, the plaintiff notified the guarantor of the default, and the guarantor failed to remit payment under the guaranty agreement).  As such, Plaintiff has sufficiently established the probable validity of their breach of guaranty claim against Defendants Upple and Sangha upon which the attachment is based.

*Third*, there is nothing in the record or otherwise that suggests Plaintiff seeks attachment for any other purpose than to recover on their breach of guarantee claim against Defendants Upple and Sangha.  In their Opposition – which is addressed in full below – Defendants include a section entitled "The Relief Sought by [Plaintiff's] Writ Would be Duplicative and Punitive."  (*See* Opp'n at 3-4.)  But despite stating it to be punitive, Defendants do not provide any basis for this assertion.  Defendants Sangha and Upple's sole contention appears to be that some of the property Plaintiff seeks to attach may be sold as part of Defendant Pamma's bankruptcy proceeding and that attachment is thus duplicative as this property may be sold to Plaintiff "if it credit binds Pamma's debt pursuant to 11 U.S.C. § 363(k)."  (*Id.*)  As discussed below, Plaintiff's Application seeks attachment of Defendant Upple and Sangha's property, not Defendant Pamma's property or interest in property partially owned by Defendant Pamma.  The fact that Plaintiff <u>may</u> obtain some recovery from the sale of Defendant Pamma's property does not establish that attachment here is punitive or for any other

6

purpose than to recover on Plaintiff's claims against Defendants Upple and Sangha.

*Fourth*, the amount to be secured is greater than zero. Given this final requirement is met, Plaintiff is entitled to attachment. The categories of assets identified by Plaintiff are properly subject to attachment under Code of Civil Procedure section 487.010(c).

### IV. Defendants Upple and Sangha's Opposition

Defendants Upple and Sangha do not contest that Plaintiff's Application meets each of the requirements for attachment under Code of Civil Procedure section 484.090(a). Instead, Defendants Upple and Sangha argue that this Court should wait to issue a writ on three bases: (1) the assets sought by Plaintiff's application are subject to a pending motion for sale in the bankruptcy action, (2) there are pending motions for relief from the automatic stay in the bankruptcy action, and (3) the relief Plaintiff seeks is duplicative and punitive as the assets in the bankruptcy action may be sold to Plaintiff anyways. (Opp'n at 3–4.) Notably, each of these arguments concerns Defendant Pamma's ongoing bankruptcy action. Defendants Upple and Sangha are not party to those proceedings and their assets or interest in assets are not subject to those proceedings.

That Defendant Pamma has moved for the Bankruptcy Court to permit the sale of some of Defendant Pamma's assets has no bearing on Plaintiff's Application here as to the other Defendants. If an asset is solely owned by Defendant Pamma, it would not be subject to the attachment Plaintiff seeks and thus unaffected by Plaintiff's Application. If instead an asset is owned by Defendant Upple and/or Defendant Sangha, and not Defendant Pamma, that asset would not be subject to the motion for sale in the bankruptcy action and thus the motion for sale would have no relevance to Plaintiff's Application. If an asset is jointly owned by Defendant Pamma with either or both of Defendants Upple and Sangha, the interest owned by Defendants Upple and Sangha is still properly subject to attachment, regardless of the motion for sale. As such, the pending motion for sale does not render Plaintiff's Application improper,

7

1  nor justify delaying the issuance of an Order of Right to Attach.  To the contrary, the
2  risk that some owned in part or in whole by Defendants Upple and Sangha might be
3  sold further supports that attachment is warranted.
4        Moreover, that Plaintiff is seeking relief from the automatic stay in the
5  Bankruptcy Action also has no bearing on the present action.  11 U.S.C. § 362(a)(1)
6  applies an automatic stay to "the commencement or continuation, including the
7  issuance or employment of process, of a judicial, administrative, or other action or
8  proceeding against the debtor that was or could have been commenced before the
9  commencement of the case under this title, or to recover a claim against the debtor
10 that arose before the commencement of the case under this title[.]"  This stay applies
11 to actions against the debtor in a bankruptcy action.  It does not generally apply to
12 actions or portions of actions concerning non-debtors or their assets.  *Ingersoll–Rand*
13 *Fin. Corp. v. Miller Mining Co. Inc.,* 817 F.2d 1424, 1427 (9th Cir. 1987).  There are
14 exceptions to that rule such as where there is a unity of identity between debtor and
15 non-debtor defendants and where extending the stay to non-debtor defendants
16 would contribute to the debtor's rehabilitation.  *United States v. Dos Cabezas Corp.*,
17 995 F.2d 1486, 1491 n. 3 (9th Cir. 1993).  But to the extent Defendants Upple and
18 Sangha believe that this action should be stayed under section 362 as to other, non-
19 debtor Defendants, they must raise that issue before the Bankruptcy Court.  *J & J*
20 *Sports Prods., Inc. v. Brar*, No. 2:09-cv-03394-GEB-EFB, 2012 WL 4755037, at *1 (E.D.
21 Cal. Oct. 3, 2012); *Trs. of S. Cal. IBEW-NECA Pension Plan v. Liebeck*, 775 Fed. Appx.
22 267, 269 (9th Cir. 2019).  As it presently stands, the automatic stay under section 362
23 is not related to Plaintiff's Application as it only seeks attachment of the assets of non-
24 debtor Defendants Upple and Sangha.  The fact that Plaintiff has moved for relief from
25 that stay is similarly not relevant.
26       Finally, Defendants Upple and Sangha argue that a writ of attachment may be
27 duplicative as the assets for which there is a motion for sale may ultimately be sold to
28 Plaintiff anyway pursuant to 11 U.S.C. § 363(k).  It may be that the sale of these assets

8

renders attachment duplicative, but this does not warrant denial of Plaintiff's Application. The purpose of attachment is to secure recovery on a contract-based claim. That Plaintiff may, in theory, ultimately recover through alternate means does not render attachment improper or unwarranted.

In short, Defendants' objections almost entirely concern the proceedings in the Pamma bankruptcy action that have little effect on Plaintiff's Application. Plaintiff seeks a writ of attachment of Defendants Upple and Sangha's assets and consideration of the requirements for such a writ shows that this is appropriate. Accordingly, Plaintiff's Application is granted.

### V.     Undertaking

Pursuant to Section 489.210, Plaintiff must file an undertaking to pay Defendants any amount Defendants may recover if Plaintiffs are found to have wrongfully attached Defendants' property. Absent objection and a finding that recovery for wrongful attachment is likely to be higher, the undertaking required is presumed to be $10,000. Cal. Code Civ. P. § 489.220. No objection to the amount of undertaking has been raised to the statutory undertaking amount. Thus, Plaintiff shall be required to file an undertaking of $10,000.

### VI.    Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Application for Right to Attach Order and Writ of Attachment (ECF No. 25) is GRANTED;
2. Within three days of this order, Plaintiff shall lodge a proposed Writ of Attachment in the form approved by the State of California. The proposed Writ of Attachment should be approved as to form by Defendants or, if the parties cannot reach an agreement as to form, Defendants may file objections or lodge their own proposed Writ of Attachment;
3. By that date, Plaintiff shall also file an undertaking of $10,000 with the Clerk of the Court; and

4. After receipt of the undertaking and proposed writ, the Court shall issue direct the Clerk of the Court to issue the Writ of Attachment against the property of Defendants Ajmail Sangha and Shinda Upple identified in Attachment 9 of Plaintiff's motion in an amount of $3,869,308.70.

IT IS SO ORDERED.

Dated:   **April 22, 2025**

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE