UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

RABO AGRIFINANCE, LLC,

Plaintiff,

v.

SUKHRAJ PAMMA, et al.,

Defendants.

Case No. 2:24-cv-01392-DJC-CKD

**ORDER REGARDING DISPOSITION OF RECEIVERSHIP PROPERTY AND ABANDONMENT OF PROPERTY IN RECEIVER'S POSSESSION**

# ORDER

Vito Mitria and Beacon Management Advisors, LLC (collectively, "Receiver"), the Receiver in the above-captioned proceeding has filed its *Motion of Receiver for Order Regarding Disposition of Receivership Property and Abandonment of Property in Receiver's Possession* (the "Motion");

The Court, having reviewed the Motion, the Declaration of Vito Mitria filed in support thereof (the "Mitria Declaration"), and all supporting declarations and documents filed in connection with the Motion, and finding good cause for the relief requested in the Motion,

HEREBY ORDERS THAT:

1. The Motion (ECF No. 103) is GRANTED.

2. The Receiver is authorized to sell the property listed in Exhibit A to the Mitria Declaration in a public or private sale, pursuant to terms acceptable to the Receiver in his discretion, and approved by Plaintiff Rabo Agrifinance, LLC. The requirements of 28 U.S.C. §§ 2001 and 2004 are expressly waived in connection with any such sale. Such sale or sales shall be free and clear of all liens, claims and interests, which any and all liens, claims and interests attaching to the proceeds of such sale(s) in the same order and priority as they currently have on the property to be sold.

3. With respect to the property listed in Exhibit B to the Mitria Declaration, and any other property which may be in Receiver's possession but as to which Receiver does not have clear evidence of ownership the Receiver is authorized to follow the procedures in California Civil Code section 1993.03, which require Receiver to give notice of proposed abandonment to any party that the Receiver reasonably believes to be owner of the Property. If no party responds to claim such property in the time allotted by Section 1993.03, then the property will be deemed abandoned and the Receiver may dispose of the property, including through a sale under the procedures laid out in paragraph 2 of this Order. If a party does claim the property and provides proof of ownership sufficient to Receiver, then the Receiver will relinquish the property to such

owner subject to the payment of reasonable storage costs. Storage costs shall not be imposed for any period before notice of proposed abandonment is given to any party that the Receiver reasonably believes to be owner of the Property. The Receiver may, but is not required to, confer with any known lienholders on such property prior to relinquishing it to a party that claims it. If the Receiver receives contradictory instructions from a purported owner and a lienholder, then the Receiver may petition this court for further instructions.

4. This Court shall retain exclusive jurisdiction over any disputes arising from or related to this Order or the sales and abandonment contemplated by this Order.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE